UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL ROBERT SCHOONMAKER,

       Plaintiff,

v.                            Case No:  2:17-cv-444-FtM-29CM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

---

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Opposed Motion for Entry of Judgment with Remand filed by Defendant Commissioner of Social Security ("Commissioner") on April 30, 2018.  Doc. 24.  Plaintiff agrees the case should be remanded, provided the Court give additional instructions on remand.  Doc. 25.  At the Court's request, the parties provided additional briefing on the issue.  Docs. 26, 27, 30, 31.  The matter is now ripe for review.

This is an appeal of an administrative decision denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Doc. 1.  Defendant requests the Court remand the case to the Commissioner for

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

further administrative proceedings to further evaluate Plaintiff's DIB claim, and further:

> direct the Administrative Law Judge to review the claimant's prior Title XVI [Supplemental Social Security ("SSI")] claim, determine if collateral estoppel applies for the period adjudicated by the Administrative Law Judge regarding the application for Title II benefits, consolidate the Title II and Title XVI claims (as appropriate), and take any further action necessary to complete the record and complete processing of the Title II claim consistent with the Title XVI claim.

Doc. 24 at 1.   According to the parties, Plaintiff has been receiving SSI payments based on the Commissioner's disability finding under Title XVI of the Social Security Act.   Docs. 27 at 1, 31 at 1-2.   The ALJ in the case before the Court found Plaintiff was not medically disabled for purposes of DIB under Title II.   Tr. 34.   Plaintiff asserts this determination may have covered a time period in which Plaintiff simultaneously was considered disabled under Title XVI.[2]   Doc. 31 at 4; Tr. 125. The ALJ severed Plaintiff's SSI claim and did not consider it along with Plaintiff's DIB claim.   Tr. 99-104, 116-19, 125-26, 803-05.

Although the SSI claim is not currently before the Court, it appears both parties agree that on remand it should be consolidated or at least considered along with Plaintiff's DIB claim so that an ALJ can review Plaintiff's SSI record along with the DIB record to determine if collateral estoppel applies.   Docs. 24 at 1, 25 at 1, 27 at 2; *see* Tr. 21-34, 126; Hearings, Appeals, and Litigation Law Manual, § I-2-2-30

---

[2] It appears Plaintiff's Title XVI claim covers the period from May 29, 2002 to present, and Plaintiff's Title II claim covers the period from May 1, 2012 to present.   Tr. 21, 125. Thus, there is a roughly 6-year overlap.

(Commissioner's policy explaining when an ALJ applies collateral estoppel to claims involving the same claimant but arising under different titles of the Social Security Act). The only difference between the parties' positions appears to be whether Plaintiff is entitled to a hearing on remand. *See* Docs. 24, 25, 27, 31.

The Commissioner asserts there is no need for a hearing because if collateral estoppel applies, there will be no contested issues for the ALJ to resolve because Plaintiff will benefit from the finding of disability. Doc. 27 at 3. On the other hand, if collateral estoppel does not apply, only Plaintiff's DIB claim remains, on which Plaintiff already has received a hearing and a fully developed record. *Id.* Plaintiff contests the Commissioner's statement that his Title II claim resulted in a fully developed record. Doc. 31 at 2-4. Instead, he asserts that if collateral estoppel is found not to apply, then reaching a decision based on the prior Title II hearing and record does not comport with due process because ten exhibits listed in the index to Plaintiff's DIB claim that pertain to his SSI claim are not contained in the DIB record. Doc. 31 at 3-5; Tr. 8. There is a handwritten notation after the list of SSI exhibits stating: "SSI Exhibits not available for inclusion." Tr. 8.

Plaintiff therefore does not oppose the Court remanding the case to the Commissioner nor the substantive reasons and directions proposed by Defendant, provided the Court includes Plaintiff's proposed *additional* instructions to the Commissioner to protect Plaintiff's due process rights and to more fully develop the record. Doc. 25 at 2. Plaintiff requests the Court add to the language proposed by the Commissioner further language on remand:

> Upon remand, Plaintiff will be given the opportunity for a hearing concerning any review by the ALJ of continuation of his Title XVI disability benefits, and a review of whether collateral estoppel applies for the period adjudicated by the ALJ regarding plaintiffs Title II benefits.

*Id.*

Pursuant to Title 42, United States Code, Section 405(g), the Court may reverse the decision of the Commissioner with or without remanding the case for a rehearing.   Upon due consideration, the Court recommends that Defendant's motion be granted in part.   It appears both parties agree on remand the ALJ should review both the Title II and Title XVI claims and determine if collateral estoppel applies. *Compare* Doc. 24 at 1 *with* Doc. 25 at 2.   The only substantive difference is Plaintiff is requesting the opportunity for a hearing before the ALJ makes any determination that may affect the discontinuance of Plaintiff's Title XVI claim and to further develop the record on Plaintiff's Title II claim.

As an initial matter, Plaintiff is not entitled to an evidentiary hearing before the termination of social security benefits provided the existing administrative procedures comport with due process.   *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976).   Here, as asserted by the Commissioner, if the Commissioner were to terminate Plaintiff's SSI benefits, the termination would be an "initial determination," subject to administrative review, including a hearing.   *See* 20 C.F.R. §§ 416.1400(a); 416.1402(b).   Accordingly, the Commissioner's administrative procedures comport with due process, and Plaintiff's rights are adequately protected with respect to the SSI claim.   Moreover, the instructions proposed by the

Commissioner—specifically, that the ALJ "take any further action necessary to complete the record and complete processing of the Title II claim consistent with the Title XVI claim"—address Plaintiff's concern about the missing SSI exhibits.   Doc. 24 at 1.

Out of an abundance of caution, however, because there may be exhibits the ALJ should have but did not consider in Plaintiff's DIB claim and because the time period for the two claims overlap, the Court recommends exercising its discretion upon remand and directing the ALJ to provide Plaintiff with *an opportunity for a hearing (as appropriate)* to consider these and the other issues the Commissioner raises.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.    Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 24) be **GRANTED IN PART**.

2.    The decision of the Commissioner be **REVERSED** and this action **REMANDED** under sentence four of 42 U.S.C. § 405(g) to the Commissioner for the Commissioner to:

> a.   Direct the Administrative Law Judge to review the claimant's prior Title XVI claim, determine if collateral estoppel applies for the period adjudicated by the Administrative Law Judge regarding the application for Title II benefits, consolidate the Title II and Title XVI claims (as appropriate), and take any further action necessary to complete the record and complete processing of the Title II claim consistent with the Title XVI claim;

> b.   In so doing, provide claimant the opportunity for a hearing (as appropriate); and

c.  Take any other action as deemed necessary.

3.      The Clerk be directed to enter judgment accordingly and close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 16th day of July, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record