UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL ROBERT SCHOONMAKER,

      Plaintiff,

v.                                    Case No:  2:17-cv-444-JES-CM

FRANK            BISIGNANO,
COMMISSIONER   OF   SOCIAL
SECURITY,

      Defendant.

---

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 206(b) (Doc. #38) filed on May 7, 2026.  Plaintiff indicated that the Commissioner neither supports nor opposes the request for fees.  The Commissioner did not file a response and the time to respond has expired.

On August 2, 2017, plaintiff filed a Complaint (Doc. #1) seeking review of an adverse decision regarding a claim for a period of disability and Disability Insurance Benefits.  After two extensions of time to allow plaintiff to try and locate records regarding a medical cessation determination, the case was stayed until April 21, 2018, to allow the parties to confer.  (Doc. #23.) On April 30, 2018, the Commissioner filed an Opposed Motion for Entry of Judgment with Remand (Doc. #24).  After the response was

filed, the Commissioner was directed to file a reply.  (Doc. #26.) The Reply was filed, and plaintiff was granted leave to file a Surreply.  (Docs. ## 27, 31.)

On July 16, 2018, a Report and Recommendation (Doc. #32) was filed recommending that the opposed motion be granted in part and that the Decision of the Commissioner be reversed and remanded. On August 2, 2018, the Court issued an Opinion and Order (Doc. #33) adopting the Report and Recommendation, reversing the Decision of the Commissioner, and remanding to the Commissioner to direct the Administrative Law Judge to review the claimant's prior Title XVI claim, determine if collateral estoppel applies for the period adjudicated by the Administrative Law Judge regarding the application for Title II benefits, to consolidate the Title II and Title XVI claims (as appropriate), and take any further action necessary to complete the record and complete processing of the Title II claim consistent with the Title XVI claim.  (Doc. #33.) Judgment was entered accordingly.  (Doc. #34.)

Plaintiff filed a motion seeking attorney fees, which was granted on October 17, 2018, in the amount of $6,903.24.  (Doc. #36.)  An Amended Judgment (Doc. #37) was issued on October 18, 2018.  Counsel now seeks $25,222.48, representing 25% of past-due Social Security benefits.

Counsel states that the motion is timely filed within 14 days of receiving the close-out letter.  The Notice of Award (Doc. #38-1) indicates that plaintiff was found to have become disabled on May 1, 2012, plaintiff was awarded disability benefits for the period of October 20212 through March 2026, and that $25,222.48 of the $100,889.92 award was withheld from past due benefits for representative fees.  Counsel has a Federal Court 406(b) Fee and Cost Agreement wherein it was agreed that counsel may charge 25% of retroactive benefits, subject to approval by the Court, for work done in federal court.  (Doc. #38-2.)

The Eleventh Circuit Court of Appeals has determined that "42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).  "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  "Courts that approach fee determinations by looking first to the contingent-

- 3 -

fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. at 808. Reasons for reduction include if the attorney is responsible for delay "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." Id.

There was no undue delay in this case and a contingency agreement is in place. Attorney Carol Avard expended 23.70 hours in 2017 and an additional 4.60 hours in 2018, and attorney Craig Polhemus expended 4.40 hours on the case in 2017. (Doc. #38-3.) with attorney hours counting for 65.8 of these hours. (Doc. #31-3.) After offsetting the previous reward, counsel would receive less than 25% for a total of $18,319.24.

The Court finds that the factors set forth in Gisbrecht weigh in favor of an award. See, e.g., Clark v. Comm'r of Soc. Sec., No. 8:20-CV-2635-PDB, 2024 WL 4433442, at *3 (M.D. Fla. Oct. 7, 2024) ("The Court is mindful of Gisbrecht's instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. [] But considering the substantial risk of no award, the lack of opposition by the Commissioner, and that [claimant's] success may be attributed to [counsel's] skills

- 4 -

and experience, 'reaping the benefit of the work' is appropriate." (citations omitted)).  The Court will direct that the earlier fee be refunded.  Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 206(b) (Doc. #38) is **GRANTED.**

2. The Court awards counsel $25,222.48 in attorney's fees pursuant to 42 U.S.C. § 406(b) and counsel shall refund $6,903.24 in previously paid EAJA fees to Plaintiff.

3. The Clerk shall enter a Second Amended Judgment awarding $25,222.48 to plaintiff's counsel for attorney's fees.

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record